**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

Marco Miguel Robertson,

      Plaintiff,

      v.

Charles Samuels, *et al.*,

      Defendants.

CIVIL ACTION NO. 3:13-CV-2500

(JUDGE CAPUTO)

(MAGISTRATE JUDGE CARLSON)

## MEMORANDUM

Presently before the Court is the Report and Recommendation of Magistrate Judge Martin C. Carlson (Doc. 6). The Magistrate Judge recommends that the Court dismiss Plaintiff's claims against supervisory Defendants Charles Samuels, Jr. and Warden J. E. Thomas without prejudice for failure to state a claim upon which relief may be granted. The Magistrate Judge also recommends that Plaintiff be allowed to attempt to correct these deficiencies within twenty (20) days of any dismissal order.

Plaintiff filed what was styled as an objection to Magistrate Judge Carlson's Report and Recommendation (Doc. 9). Plaintiff has also filed a "Supplementary Statement of Facts/Request To Court In Clearity [sic] For Lawsuit" (Doc. 7). In these two documents, Plaintiff recounts various allegations contained in his Complaint as well as other factual allegations not contained in his Complaint. He does not appear to specifically address or object to any part of Magistrate Judge Carlson's Report and Recommendation.

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n. 3 (3d Cir.1989) (citing 28 U.S.C. § 636(b)(1)(c)). However, this only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984) (emphasis added). In conducting a *de novo review*, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa.1993). Although the review is *de novo*, the law permits the court to rely on the

recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F.Supp. 328, 330 (M.D. Pa.1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Goney*, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F.Supp. 375, 376–77 (M.D. Pa.1998).

Here, Plaintiff's "objection" does not respond to Magistrate Judge Carlson's finding that the Complaint fails to state a claim for which relief can be granted. Thus, the Court reviews the Report and Recommendation as effectively uncontested. As the Court finds no clear error in the Magistrate Judge's analysis of the issues, the Court will adopt the Magistrate Judge's finding that Plaintiff's Complaint fails to state a claim upon which relief can be granted and allowing Plaintiff the opportunity to file an amended complaint.[1]

If Plaintiff decides to file an amended complaint, he should follow the analysis set forth in Magistrate Judge Carlson's Report and Recommendation to avoid dismissal for failure to state a claim upon which relief can be granted. Specifically, with respect to supervisory Defendants Samuels and Thomas, Plaintiff must allege that "such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm,'" or that they "participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr*, 372 F.3d 572, 586 (3d Cir. 2004) (internal quotations omitted).

---

[1]     As Plaintiff has not objected to the legal findings of the Magistrate Judge, and he will be permitted to file an amended pleading to address the deficiencies in his Complaint, the Court finds it unnecessary to set forth a detailed review of the Magistrate Judge's factual and legal conclusions.

An appropriate order follows.

 November 7, 2013                                               /s/ A. Richard Caputo   
Date                                                     A. Richard Caputo
                                                    United States District Judge